IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Hill, III, | ) | C/A No.  0:13-1539-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lexington County, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Curtis Hill, III ("Plaintiff"), a self-represented litigant, brings this action

pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and

Local Civil Rule 73.02(B)(2)(d) DSC.  Plaintiff is a detainee at the Lexington County Detention

Center ("LCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed

the Complaint in accordance with applicable law, the court concludes that it should be summarily

dismissed without prejudice and without the issuance and service of process.[1]

I.      **Factual and Procedural Background**

Plaintiff indicates that he has been detained at the LCDC for charges of burglary,

safecracking, and larceny, since April 8, 2013.  (ECF No. 1 at 3.) Plaintiff complains that he cannot

order canteen items at the LCDC because his date of birth is not "on file."  (Id.) Plaintiff also claims

---

[1] It is noted that Plaintiff lists Curtis Hill, Jr., and Hill's Lawn Service in the "additional defendants" section of the Complaint. (ECF No. 1 at 2.) However, Plaintiff did not list these parties in the Complaint's caption, did not provide service documents for them, and did not allege any claims against them in the body of the pleading.  Therefore, the court construes Lexington County to be the sole defendant in this case.



that he has not received an "intergent" pack, which should be provided for free.[2]  (Id.)  Plaintiff alleges that the state court "rejected" his request for a public defender and that he has not received court forms needed for filing motions in state court.  (Id.)  Specifically, Plaintiff wants to file speedy trial and suppression of evidence motions in his pending criminal case.  (Id.)  Plaintiff further states that he was unable to mail a request for a preliminary hearing to the Clerk of Court due to his inability to procure court forms.  (Id.)  Plaintiff also alleges that:  (1) his arrest warrants contain an incorrect signature date; (2) the police did not inform Plaintiff of his rights in violation of the Fifth Amendment; and (3) he has been denied administrative grievances and inmate request forms.  (Id. at 3–4.)  Plaintiff seeks dismissal of his charges, monetary damages, and immediate release from confinement.  (Id. at 5.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[2] Plaintiff appears to be referring to a pack of supplies or items he alleges should be provided to indigent detainees at no cost.  It is noted that Plaintiff submitted a letter on July 1, 2013, indicating that his date of birth and social security number were corrected in the database for ordering canteen supplies on June 10, 2013.  (ECF No. 9 at 1.)



The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se*

pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). As an initial matter, Plaintiff has named a defendant who is immune from Plaintiff's claims under § 1983. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712‑13 (1999); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[3] As a state entity, Lexington County is immune from suit under

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).



§ 1983. Therefore, Plaintiff's claims against this defendant are subject to summary dismissal. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) ("the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); Alabama v. Pugh, 438 U.S. 781 (1978).

Further, Plaintiff seeks injunctive relief which cannot be granted in this case. First, Plaintiff requests dismissal of his pending state charges. (ECF No. 1 at 5.)  However, the United States Supreme Court has held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. See Younger v. Harris, 401 U.S. 37 (1971); see also Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  Younger, 401 U.S. at 43–44 (citation omitted).  From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

In the present case, Plaintiff indicates that he is currently detained pending disposition of state criminal charges. Therefore, an ongoing state criminal proceeding exists satisfying the first part of the test.  The second part of the test is met, as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of

relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986).  The Court also addressed the third criterion in

noting " 'that ordinarily a pending state prosecution provides the accused a fair and sufficient

opportunity for vindication of federal constitutional rights.' "  Gilliam, 75 F.3d at 904 (quoting

Kugler v. Helfant, 421 U.S. 117, 124 (1975)).  Plaintiff can pursue his claims in state court both

during and after the disposition of his criminal charges.  As Plaintiff fails to demonstrate that he has

no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, see

Younger, 401 U.S. at 43–44, the court should abstain from equitably interfering in Plaintiff's state

criminal proceedings.  Plaintiff's request for release from detention, (ECF No. 1 at 5), must also be

denied, because habeas corpus is the exclusive remedy for a state prisoner who challenges the fact

or duration of his confinement and seeks immediate or speedier release.  See Preiser v. Rodriguez,

411 U.S. 475, 500 (1973).

Next, Plaintiff complains that he has been unable to procure forms necessary to file motions,

or request a hearing, in state court.  (ECF No. 1 at 3–4.)  Liberally construed, Plaintiff may be

alleging a claim of denial of court access.  In order to state a constitutional claim for denial of

meaningful access to the courts, an inmate must allege specific injury resulting from the alleged

denial.  See Lewis v. Casey, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of

access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure

in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was

being impeded); Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte*

dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on

his access to a law library).  Plaintiff must make specific allegations as to the actual injury sustained.

See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual

injury resulting from official conduct); <u>Strickler v. Waters</u>, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").  Plaintiff claims that his inability to obtain court forms rendered him unable to file documents in his pending state criminal proceedings.  However, Plaintiff provides no facts to demonstrate any prejudice to his state criminal case caused by such delay.  Therefore, to the extent Plaintiff is alleging a denial of court access, his Complaint fails to state a plausible claim.

Finally, Plaintiff alleges that detention center employees have either denied Plaintiff's administrative grievances, or denied Plaintiff forms required to file grievances at the LCDC.  (ECF No. 1 at 4.)  Inmates have no constitutionally protected right to a grievance procedure.  <u>See</u> <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994); <u>see</u> <u>also</u> <u>Daye v. Rubenstein</u>, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); <u>Blagman v. White</u>, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure); <u>Ashann-Ra v. Commonwealth of Virginia</u>, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").  Therefore, Plaintiff's claims associated with the grievance process are not cognizable under § 1983.

## III.    Conclusion

For the foregoing reasons, the court recommends that the Complaint in this matter be summarily dismissed without prejudice and without issuance and service of process.

August 16, 2013                                            Paige J. Gossett
Columbia, South Carolina                          UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

Page 7 of  8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).